1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JUAN VIANEZ,                                    )
                                                )
            Plaintiff,                          )       Case No. 2:13-cv-01645-APG-VCF
                                                )
vs.                                             )
                                                )       **O R D E R**
C.C.A., *et al.*,                               )
                                                )
            Defendants.                         )
_____/

        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner.

Neither a filing fee nor an application to proceed *in forma pauperis* was submitted with the

complaint.  Plaintiff must either submit the filing fee or submit an application to proceed *in forma*

*pauperis* when initiating an action in this Court.  Additionally, plaintiff did not use the court-

approved form for filing his complaint, pursuant to Local Rules of Special Proceedings, LSR 1-1.

        It does not appear from the papers presented that a dismissal without prejudice would result

in a promptly-filed new complaint being untimely.  In this regard, plaintiff at all times remains

responsible for calculating the running of the limitations period as applied to this matter and

1  properly commencing a timely-filed civil rights action.[1]  As such, this action is dismissed without

2  prejudice, as specified below.

3       **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT**

4  **PREJUDICE** to the filing of a new complaint in a new action, with a proper *in forma pauperis*

5  application in compliance with 28 U.S.C. § 1915(a).

6       **IT FURTHER IS ORDERED** that the Clerk of the Court **SHALL SEND** plaintiff two

7  copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same,

8  two copies of a blank 42 U.S.C. § 1983 prisoner civil rights form, and one copy of instructions for

9  the same.  The Clerk of Court **SHALL SEND** plaintiff a copy of the initiating documents (Dkt. #1)

10  submitted in this action.

11       **IT IS FURTHER ORDERED** that plaintiff may file a new complaint and *in forma pauperis*

12  application in a new action, but he may not file further documents in this action.

13       **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL ENTER JUDGMENT**

14  accordingly.

15       **IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis*

16  appeal from this order would **not** be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

17      Dated this 4th day of November, 2013.

18

19  _____
                UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

---

[1] Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the particular case, is the forum state's statute of limitations for personal injury actions. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).