# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN VIANEZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cv-01645-APG-VCF |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| C.C.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

    This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner. Neither a filing fee nor an application to proceed *in forma pauperis* was submitted with the complaint. Plaintiff must either submit the filing fee or submit an application to proceed *in forma pauperis* when initiating an action in this Court. Additionally, plaintiff did not use the court-approved form for filing his complaint, pursuant to Local Rules of Special Proceedings, LSR 1-1.

    It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new complaint being untimely. In this regard, plaintiff at all times remains responsible for calculating the running of the limitations period as applied to this matter and

properly commencing a timely-filed civil rights action.[1]  As such, this action is dismissed without prejudice, as specified below.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint in a new action, with a proper *in forma pauperis* application in compliance with 28 U.S.C. § 1915(a).

**IT FURTHER IS ORDERED** that the Clerk of the Court **SHALL SEND** plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies of a blank 42 U.S.C. § 1983 prisoner civil rights form, and one copy of instructions for the same.  The Clerk of Court **SHALL SEND** plaintiff a copy of the initiating documents (Dkt. #1) submitted in this action.

**IT IS FURTHER ORDERED** that plaintiff may file a new complaint and *in forma pauperis* application in a new action, but he may not file further documents in this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Dated this 4th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the particular case, is the forum state's statute of limitations for personal injury actions.  *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).